UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-33-TS |
| | ) | (1:05-CV-43-TS) |
| CLEMENTE TREVINO | ) | |

**ORDER**

This matter is before the Court on Clemente Trevino's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 53], filed on February 3, 2005.

**BACKGROUND**

On May 28, 2003, the Defendant was charged in a six-count Indictment with violating 21 U.S.C. § 841(a)(1), distribution of cocaine and possession with intent to distribute methamphetamine. On August 21, 2003, the Defendant plead guilty to Counts Five and Six of the Indictment. In his Plea Agreement with the government, the Defendant agreed to plead guilty in exchange for the government's agreement to recommend a sentence reduction for acceptance of responsibility and to dismiss Counts One, Two, Three, and Four of the Indictment at the time of sentencing. The Defendant also agreed to waive his right to appeal his sentence or to contest his sentence in any post-conviction proceeding. On September 8, 2003, this Court accepted the Magistrate's recommendation on the plea.

On December 5, 2003, the Court sentenced the Defendant to seventy months imprisonment. The Defendant did not seek an appeal. On February 3, 2005, the Defendant filed a petition under 28 U.S.C. § 2255. He argues that he should not have received a two-level increase in the offense level

for the presence of a firearm, that his sentence is illegal because the Court erroneously believed the Sentencing Guidelines were mandatory, and that the Court should order the Bureau of Prisons to reduce his sentence for completion of its Residential Drug Treatment Program. In its Response, filed on February 15, the government argues that the Defendant waived any right to appeal his sentence in the Plea Agreement, his petition is procedurally barred, the petition is untimely, and the Defendant did not exhaust his administrative remedies.

The Defendant filed a Reply on April 5, 2005.

**DISCUSSION**

"[D]efendants may waive their right to appeal as part of a written plea agreement . . . ." *United States v. Woolley*, 123 F.3d 627, 631 (7th Cir. 1997). A waiver is enforceable if the record clearly demonstrates that the defendant knowingly and voluntarily entered into the plea agreement. *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir.1995); *see also Woolley*, 123 F.3d at 632 (holding that if the agreement is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored). Most waivers are effective when set out in writing and signed. *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999).

Despite a valid waiver of the right to appeal, a defendant could appeal his sentence if the trial court relied on a constitutionally impermissible factor such as race or if the court sentenced the defendant above the statutory maximum. *Schmidt*, 47 F.3d at 190.

Here, the Defendant entered into a written and signed Plea Agreement containing a waiver provision. In paragraph 12(c) of the Plea Agreement, the Defendant agreed that:

the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense as set forth above in paragraph 7 of this Plea Agreement. With that

2

understanding, defendant expressly waives his right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. Defendant also agrees not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.

At his plea hearing, the Magistrate Judge asked the Defendant if he understood that, in his Plea Agreement, he expressly waived his right to appeal any sentence imposed and the Defendant acknowledged this waiver. The Court found that the Defendant's plea and his Plea Agreement with the government was knowing and voluntary.

The Defendant claims in his § 2255 motion that he gave up his right to appeal solely on the advise of his counsel and that no one in his right mind would give up his right to appeal. However, he does not contend that his written, signed, Plea Agreement was coerced or made without knowledge of the waiver provision and has not provided any reason why this Court should consider the merits of his petition.[1] The Defendant cannot ignore the valid waiver he made in his Plea Agreement.[2] The Court enforces the waiver and denies the Defendant's collateral attack on his sentence.

---

[1] The Defendant argues that, at sentencing, the Court considered facts not proven to a jury beyond a reasonable doubt and that his sentence was, thus, unconstitutional under *United States v. Booker*, 125 S. Ct. 738 (2005). Even if the Court considered this argument, it would not provide relief to the Defendant because the Supreme Court's decision in *Booker* does not apply retroactively to criminal cases that became final before January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479, 481(7th Cir. 2005) (holding that rights recognized by *Booker* do no apply retroactively on collateral review).

[2] The language is unambiguous that the Defendant agreed not to contest his sentence or the manner in which it was determined.  The Sixth and Eleventh Circuits have held that the language of valid waivers covers *Booker* challenges. *See United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005) (rejecting defendant's argument that he was no longer bound by plea agreement, including waiver of appeal, in the aftermath of *Booker*); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (observing that "the right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement" and that "[b]road waiver language covers those grounds of appeal").

**CONCLUSION**

For the foregoing reasons, the Defendant's § 2255 Petition [DE 53] is DENIED.

SO ORDERED on April 13, 2005.


         s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT